1  Irene V. Fitzgerald, Bar No. 266949
   ifitzgerald@littler.com
2  Vanessa M. Cohn, Bar No. 314619
   vcohn@littler.com
3  LITTLER MENDELSON P.C.
   5200 North Palm Avenue, Suite 302
4  Fresno, California  93704.2225
   Telephone:    559.244.7500
5  Facsimile.:    559.244.7525

6  Attorneys for Defendant
   TARGET CORPORATION
7

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  TREVON MALIK CROFTON,            | Case No.

12              Plaintiff,            | **NOTICE OF REMOVAL OF CIVIL**
                                      | **ACTION TO FEDERAL COURT**
13       v.

14  TARGET CORPORATION, a Minnesota
    Corporation, and DOES 1 through 20,  | Trial Date: TBD
15  Inclusive,                           | Complaint Filed: September 22, 2021

16              Defendant.

17

18       **TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE PARTIES'**

19  **COUNSEL   OF   RECORD,   PLEASE   TAKE   NOTICE   THAT** Defendant   TARGET

20  CORPORATION ("Defendant" or "Target"), by and through the undersigned counsel, and pursuant

21  to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this lawsuit from the Superior

22  Court of the State of California, County of Kern, to the United States District Court for the Eastern

23  District of California (the "Notice of Removal"). In support of its Notice of Removal, Defendant

24  respectfully submits to this Honorable Court the following information:

25               **STATEMENT OF JURISDICTION (DIVERSITY)**

26       1.      Removal jurisdiction exists because this Court has original jurisdiction over the

27  unverified Complaint of Plaintiff TREVON CROFTON ("Plaintiff") pursuant to 28 U.S.C. § 1332,

28  and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which

1   neither the plaintiff nor any defendants are citizens of the same state and in which the amount in

2   controversy exceeds $75,000, exclusive of interest and costs (Diversity Jurisdiction).  As discussed in

3   more detail herein, Plaintiff was a citizen of the County of Kern, State of California, at the time the

4   operative Complaint was filed in Kern County Superior Court. *See* Exhibit A, ¶ 1, the "Complaint"

5   (Civil Action No. BCV-21-102237, *Trevon Malik Crofton v. Target Corporation, a Minnesota*

6   *Corporation, and Does 1 through 20, inclusive*). Defendant is – and at the time Plaintiff's Complaint

7   was filed was – a Minnesota corporation with its principal place of business in Minnesota. *See*

8   concurrently-filed Declaration of Kirsten Bass ("Bass Decl."), ¶ 2. Plaintiff is not currently a citizen

9   of Minnesota; nor was Plaintiff a citizen of Minnesota during the events giving rise to this action. *See*

10  Exhibit A, ¶ 1; *see also* Bass Decl., ¶ 4.  As such, this case meets all of the requirements for removal,

11  is timely, and is properly removed by the filing of this Notice of Removal.

12  ## STATE COURT ACTION

13  2.      On or about September 22, 2021, Plaintiff filed this action in Kern County

14  Superior Court. *See* Complaint, available at Exhibit A hereto. This action was served on Defendant on

15  September 27, 2021. *See* concurrently-filed Declaration of Vanessa M. Cohn ("Cohn Decl."), ¶ 2.

16  3.      Plaintiff's Complaint purports to assert eight causes of action for: (1)

17  discrimination in violation of California Family Rights Act ("CFRA"); (2) retaliation in violation of

18  CFRA; (3) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA");

19  (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to engage in a good

20  faith interactive process in violation of FEHA; (6) retaliation in violation of FEHA; (7) failure to

21  prevent discrimination and retaliation in violation of FEHA; and, (8) wrongful termination in violation

22  of public policy.

23  4.      Defendant filed a General Denial and Affirmative Defenses to Plaintiff's

24  Complaint on October 25, 2021. *See* Exhibit B hereto. *See* Cohn Decl., ¶ 7.

25  5.      The remaining submissions in this action on file with the Kern County Superior

26  Court are attached hereto as Exhibit C.

27  / / /

28  / / /

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

Notice of Removal of Civil Action
to Federal Court

**TIMELINESS OF NOTICE OF REMOVAL**

6.     An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  Here, Plaintiff served the Complaint on September 27, 2021. *See* Cohn Decl., ¶ 2. Therefore, Defendant can remove this action up to and including October 27, 2021.  *See* FED. R. CIV. P. 6(a).

**VENUE**

7.     Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Eastern District of California insofar as Defendant conducts business within Kern County, California, which is where Plaintiff was employed, where the instant action was originally filed, and which is within this Court's jurisdiction.

**NOTICE TO PLAINTIFF**

8.     As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff.  *See* Defendant's Notice to Plaintiff of Removal to Federal Court, attached hereto as Exhibit D.[1]

**NOTICE TO THE KERN COUNTY SUPERIOR COURT**

9.     Defendant also filed this Notice of Removal with the Clerk of the Kern County Superior Court.  *See* Defendant's Notice to State Court of Removal of Civil Action to Federal Court, attached hereto as Exhibit E.[2]

**FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION**

10.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b).  Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs,

---

[1] So as to avoid burdening this Court with duplicative filings, the attachments to Exhibit D have been omitted from this filing.

[2] So as to avoid burdening this Court with duplicative filings, the attachments to Exhibit E have been omitted from this filing.

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

3

Notice of Removal of Civil Action
to Federal Court

because Plaintiff in effect claims that Plaintiff is entitled to an award in excess of $75,000 as result of Defendant's alleged conduct.

11.     Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California. *See* Complaint, Exhibit A, ¶ 1 ("Plaintiff, at all relevant times herein resided in Kern County, California").

12.     Defendant is a corporation duly organized and existing under the laws of the State of Minnesota, and it maintains its principal place of business in Minneapolis, Minnesota. *See* concurrently-filed Bass Decl., at ¶ 2. Thus, Defendant is a citizen of Minnesota, and Defendant is not a citizen of California.

13.     In measuring the amount in controversy where it is not explicitly pleaded, this Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe (if anything). *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by a plaintiff's complaint). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy).

14.     Where, as here, a plaintiff's state court complaint is silent as to the *total* amount of damages claimed, a removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehrng en banc denied by*, 102 F.3d 398, 404 (9th Cir. 1996).

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

4

Notice of Removal of Civil Action
to Federal Court

15.     To that end, should Plaintiff prevail on Plaintiff's claims for violations of California's Fair Employment and Housing Act and the California Family Rights Act, and wrongful termination in violation of public policy, Plaintiff would be entitled to recover the amount that Plaintiff would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac. Co.,* 1 Cal.3d 600, 607 (1970).  While Defendant disputes that Plaintiff is entitled to recover any damages, for the sake of argument, Defendant analyzes the damages pleaded in the Complaint.  Here, Plaintiff alleges that Plaintiff was employed by Defendant through Plaintiff's termination March 11, 2021. *See* Exhibit A, the Complaint, ¶ 16. Plaintiff's last rate of pay was $21.78 per hour. Bass Decl., ¶ 4.  Plaintiff worked on average at least 40 hours per week for Defendant. Bass Decl., ¶ 4.  Plaintiff seeks lost income from the date of termination on March 11, 2021, through to the present and into the future. *See*, *e.g.*, Exhibit A, the Complaint, ¶¶ 25, 37, 48, 59, 70, 82, 94, and 106 ("As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer losses in earnings and other benefits and will for a period of time in the future…") As of the date of this Notice of Removal, it has been approximately 33 weeks since Plaintiff was separated from employment with Defendant.  Given Plaintiff's rate of pay, Plaintiff alleges to have suffered at least $28,749.60 in damages in the form of lost income as of the date of this filing, with the damages continuing into the future through trial continuing at least at the rate of $871.20 per week.

16.     Additionally, Plaintiff seeks an award of attorneys' fees in connection with Plaintiff's claims for violation of California's Fair Employment and Housing Act. *See*, *e.g.*, Exhibit A, the Complaint, Prayer ¶ 2 (wherein Plaintiff prays for judgment to include "attorney's fees according to proof").  While Defendant again disputes that Plaintiff is entitled to recover any damages in connection with this action, attorney's fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S,* 142 F.3d at 1156. One recent Eastern District case involving similar allegations of discrimination, retaliation and whistleblowing resulted in fees exceeding half a million dollars. *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (approving award of $535,700 in attorneys' fees in employment case involving discrimination, retaliation and whistleblowing claims).  In cases well over 10 years old (and, thus, not accounting for inflation), attorneys' fee awards under FEHA regularly exceeded

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

5

Notice of Removal of Civil Action
to Federal Court

$75,000. *See, e.g.*, *Flannery v. Prentic*, 26 Cal.4th 572 (2001) ($1,088,231 fee award upheld); *Dwyer v. Crocker Nat'l Bank*, 194 Cal.App.3d 1418 (1987) ($75,258 in attorneys' fees awarded under FEHA); *see also Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *12-13 (N.D. Cal. 2008), *citing Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002)  ("attorneys' fees in individual discrimination cases often exceed the damages"). Accordingly, attorneys' fees alone are likely to be greater than $75,000.

       17.   Plaintiff also seeks damages for the emotional distress allegedly suffered. Exhibit A, the Complaint, ¶¶ 26, 38, 49, 60, 71, 83, 95, 107 ("…Plaintiff suffered general damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction"). Again, though Defendant contests that Plaintiff is entitled to any such recovery, Plaintiff's claim for emotional distress damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal).  For the sake of analysis of the jurisdictional prerequisite for removal of this action, past rulings reflect that plaintiffs in employment cases have been awarded substantial sums for emotional distress.  *See, e.g., Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Redfield v. Insurance Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), *overruled on other grounds*, *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000).  In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established.  In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees."  *Kroske*, 432 F.3d at 980.  A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and a comparable amount of lost wages is at issue.  Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

6

Notice of Removal of Civil Action
to Federal Court

more.  The foregoing, when taken together with Plaintiff's claims for back pay, front pay, and attorney's fees, easily places the amount of controversy in excess of $75,000.

18.  The amount in controversy includes punitive damages unless punitive damages are not recoverable as a matter of state law, and it is a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. *Anthony,* 75 F3d at 315; *St. Paul Reinsurance Co., Ltd. v. Greenburg* (5th Cir. 1998) 134 F3d 1250, 1253-1254.)  Here, Plaintiff alleges that Plaintiff is entitled to punitive damages for Defendant's alleged willful and malicious misconduct, but does not provide a total amount of the alleged punitive damages sought.  *See* Exhibit A, the Complaint, ¶¶ 28, 40, 51, 62, 73, 85, 97, 109 ("the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted").  With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994).  While Defendant vehemently disputes it is liable for any punitive damages, outcomes in California reflect the likelihood that if Plaintiff prevails at trial, Plaintiff's damages would exceed the $75,000 amount in controversy threshold. *See e.g., Rivera* 2008 U.S. Dist. LEXIS 58610 at *10-11, *citing Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles Super. Ct.) (jury awarded the plaintiff $200,000 in emotional distress damages for wrongful termination due to his age and an injury he incurred on the job); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (jury awarded the plaintiff $122,000 in emotional distress damages and $2,000,000 in punitive damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who requested fifteen minute breaks every two hour); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

7

Notice of Removal of Civil Action
to Federal Court

$1,000,000 in punitive damages to an employee terminated due to his age and disability). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone could exceed the jurisdictional minimum.

19. Thus, while Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, *at a minimum*, well over $75,000 as of the date of this Notice of Removal, which is reflective of the sum of $28,749.60 in alleged lost income to date, at least $75,000 in attorney's fees, and $25,000 in emotional distress damages.

20. Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a civil action between citizens of different states.

WHEREFORE, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendant removes this case from the Superior Court of the State of California, County of Kern, to the United States Court for the Eastern District of California.

Dated: October 26, 2021                          LITTLER MENDELSON P.C.


                                                 /s/ *Vanessa M. Cohn*
                                                 Irene V. Fitzgerald
                                                 Vanessa M. Cohn

                                                 Attorneys for Defendant
                                                 TARGET CORPORATION

4871-1305-9072.1 / 052067-1000

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

8

Notice of Removal of Civil Action
to Federal Court

**Exhibit A**

**CT Corporation**

**Service of Process Transmittal**
09/27/2021
CT Log Number 540314324

TO:   Employee Relations
      Target Corporation
      1000 NICOLLET MALL
      MINNEAPOLIS, MN 55403-2542

RE:   **Process Served in California**

FOR:  Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TREVON MALIK CROFTON, an Individual // To: Target Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # BCV21102237 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/27/2021 at 01:25 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/27/2021, Expected Purge Date: 10/02/2021<br><br>Image SOP<br><br>Email Notification,  Employee Relations  ct.service@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                        Mon, Sep 27, 2021

**Server Name:**                 Jimmy Lizama

Entity Served                    TARGET CORPORATION

Case Number                      BCV-21-102237

Jurisdiction                     CA



# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION, a Minnesota Corporation, and DOES 1 through 20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TREVON MALIK CROFTON, an individual,

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
9/24/2021
Kern County Superior Court

**By Vickie Fogerson, Deputy**

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is: Kern County Superior Court
*(El nombre y dirección de la corte es):*

Kern County Superior Court
1415 Truxtun Ave,
Bakersfield, CA 93301

| CASE NUMBER: |
| *(Número del Caso):* |
| BCV-21-102237 |

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

A. Jacob Nalbandyan, Esq. (272023) | Ryan Handley, Esq. (334695)
Levin & Nalbandyan, LLP
811 Wilshire Blvd, Suite 800
Los Angeles, CA 90017 | Tel: (213) 232-4848 | Fax: (213) 232-4849

DATE:                              Clerk, by                                    , Deputy
*(Fecha)*   9/24/2021   TAMARAH HARBER-PICKENS   *(Secretario)*   Vicki M S   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

---

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TARGET CORPORATION, a Minnesota Corporation,

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

---

Form Adopted for Mandatory
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| A. Jacob Nalbandyan, Esq.  (272023)<br>Ryan Handley, Esq.  (334695)<br>Levin & Nalbandyan, LLP<br>811 Wilshire Blvd, Suite 800, Los Angeles, CA  90017<br>TELEPHONE NO.:(213) 232-4848    FAX NO.:(213) 232-4849<br>ATTORNEY FOR *(Name):* Trevon Malik Crofton | **ELECTRONICALLY FILED**<br>9/22/2021 2:47 PM<br>**Kern County Superior Court**<br>**By Vickie Fogerson, Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
  STREET ADDRESS:1415 Truxtun Ave
  MAILING ADDRESS:1415 Truxtun Ave
  CITY AND ZIP CODE:Bakersfield, CA 93301
  BRANCH NAME:Kern County Superior Court

CASE NAME:
Trevon Malik Crofton v. Target Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BCV-21-102237 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

Items 1-5 below must be completed (see *instructions* on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | condemnation (14) | [ ] Insurance coverage claims arising from |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | the above listed provisionally complex |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | case types (41) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition *(not specified above)* (43) |
| [X] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial post judgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary    b. [X] non monetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):*  Eight (8)
5. This case [ ] is   [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 09/22/21

A. Jacob Nalbandyan, Esq.
_____     ▶ _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400 - 3.403;
Standards of Judicial Administration, § 19

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice-Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach-Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court Case Matter
Writ-Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgement (Out of County)
Confession of Judgement (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief for Late Claim
Other Civil Petition

A. Jacob Nalbandyan, Esq.  (SBN 272023)
jnalbandyan@LNtriallawyers.com
Ryan Handley, Esq.  (SBN 334695)
rhandley@LNtriallawyers.com
**LEVIN & NALBANDYAN, LLP**
811 Wilshire Blvd, Suite 800
Los Angeles, CA  90017
Tel: (213) 232-4848
Fax: (213) 232-4849

Attorneys for Plaintiff,
TREVON MALIK CROFTON

**ELECTRONICALLY FILED**
**9/22/2021 2:47 PM**
**Kern County Superior Court**
**By Vickie Fogerson, Deputy**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

| | |
|---|---|
| TREVON MALIK CROFTON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation, and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No.: BCV-21-102237<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**<br>2. **RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**<br>3. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>4. **FAILURE TO PROVIDE REASONABLE ACCOMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>6. **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**<br>7. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION** |

L&N File #: 5589

-1-

**COMPLAINT FOR DAMAGES**

|  | ) | IN VIOLATION OF THE FAIR |
|---|---|---|
| 1 | ) | EMPLOYMENT AND HOUSING ACT |
| 2 | ) | 8. WRONGFUL TERMINATION IN |
|  | ) | VIOLATION OF PUBLIC POLICY |
| 3 | ) | |
| 4 | ) | **Demand over $25,000** |
|  | ) | |
| 5 | ) | <u>**DEMAND FOR JURY TRIAL**</u> |

TREVON MALIK CROFTON ("Plaintiff") is informed and believes, and alleges thereon, the following:

### <u>PARTIES, VENUE, AND JURISDICTION</u>

1.      Plaintiff, at all relevant times herein resided in Kern County, California.

2.      Defendant TARGET CORPORATION, ("Defendant") is a Minnesota corporation with multiple places of business in Kern County, California.

3.      Plaintiff is informed and believes, and thereon alleges that Defendant is engaged in the business of providing retail services.

4.      The unlawful acts pleaded herein occurred in Kern County, California.

5.      Venue is proper in Kern County pursuant to California Government Code § 12965.

6.      Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7.      At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of such agency or employment.

8.      Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiff's injuries as herein alleged.

9.      Pursuant to CAL. GOV'T CODE §§ 12960, *et seq.*, Plaintiff filed a charge against Defendant with the California Department of Fair Employment and Housing ("DFEH") on July 15,

1  2021, less than one year from the date of most occurrence. On July 15, 2021, Plaintiff received a

2  Notice of Case Closure and Right to Sue Letter from the DFEH.

3

4                              **FACTUAL ALLEGATIONS**

5          10.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

6  Complaint, as though fully set forth herein.

7          11.    Plaintiff began employment with Defendant in or about August 2019 as a Receiving

8  Associate. His job duties included receiving freight and separating items into pallets.

9          12.    Plaintiff has been asthmatic for much of his life. In about March 2020, when COVID-

10  19 became a significant concern, Plaintiff sought out his doctor, who placed him off of work from

11  about March 17, 2020 to March 19, 2020 for being higher risk. After returning to work for a few days,

12  he was taken off work again for about another month. This continued for the next few months, with his

13  doctor extending his leave monthly. Plaintiff sent his doctor's notes to Defendant through email.

14          13.    In or about November 2020, Plaintiff's doctor placed him off work for three months

15  through February 2021. He again emailed this note to Defendant on or about November 30, 2020.

16          14.    In or about February 2021, Plaintiff's doctor placed him off work for a final three

17  months. He again emailed this note to Defendant on or about February 23, 2021.

18          15.    On or about March 4, 2021, Plaintiff received a certified letter from Defendant dated

19  February 23, 2021 stating that Defendant's records reflected a lapse in available leave beginning

20  around January 2021 and requesting that Plaintiff contact them by March 3, 2021. Plaintiff

21  immediately emailed the HR representative who sent the letter letting her know that he had already

22  sent a doctor's note on February 23, 2021 to Defendant reflecting his need for further medical leave.

23  He did not receive a response. Plaintiff followed up a couple more times but did not receive a response

24  to those efforts either.

25          16.    Plaintiff received a termination letter on or about March 11, 2021.

26          ,17.    Plaintiff was left embarrassed, ashamed, emotionally hurt, and in financial desperation

27  for having been terminated due to his serious health condition, disability, perceived disability, and/or

28  ///

1  history of disability and for having been directly discriminated and retaliated against for him disability

2  and requests/need for reasonable accommodation.

3

4  **FIRST CAUSE OF ACTION**

5  **DISCRIMINATION IN VIOLATION OF**

6  **THE CALIFORNIA FAMILY RIGHTS ACT**

7      18.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this

8  Complaint as though fully set forth herein.

9      19.    At all times relevant to this action, Plaintiff was employed by Defendant.

10     20.    At all times relevant to this action, Plaintiff suffered from a serious health condition

11 within the meaning of CAL. GOV'T CODE §§ 12945.2(b)(12), *et seq.*

12     21.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges

13 that Defendant was an employer who regularly employed five or more persons within the meaning of

14 CAL. GOV'T CODE § 12945.2(b)(3)(A).

15     22.    At all times relevant to this action, Plaintiff had more than 12 months of service with

16 Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had

17 taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE §

18 12945.2(a).

19     23.    Defendant unlawfully discriminated against Plaintiff because of his serious health

20 condition and medical leave of absence by terminating him in violation of CAL. GOV'T CODE §§

21 12945.2(a), 12945.2(k), and 12945.2(q).

22     24.    Defendant's decision to terminate Plaintiff was substantially motivated by his serious

23 health condition and medical leave of absence, as previously pled herein.

24     25.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

25 continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

26 unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

27 have been diminished. The exact amount of such expenses and losses is presently unknown, and

28 ///

**COMPLAINT FOR DAMAGES**

1 | Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is

2 | ascertained.

3 |      26.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

4 | damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff

5 | great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

6 |      27.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

7 | the future, will be required to employ physicians and incur additional medical and incidental expenses.

8 | The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to

9 | amend this Complaint to set forth the exact amount when it has been ascertained.

10 |      28.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

11 | directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

12 | were carried out with full knowledge of the extreme risk of injury involved, and with willful and

13 | conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

14 | fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

15 | employment benefits. Accordingly, an award of punitive damages is warranted.

16 |      29.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

17 | employees, officers, directors, and/or managing agents were undertaken with the prior approval,

18 | consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

19 | and through its officers, directors, and/or managing agents.

20 |

21 | **SECOND CAUSE OF ACTION**

22 | **RETALIATION IN VIOLATION OF**

23 | **THE CALIFORNIA FAMILY RIGHTS ACT**

24 |      30.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this

25 | Complaint as though fully set forth herein.

26 |      31.    At all times relevant to this action, Plaintiff was employed by Defendant.

27 |      32.    At all times relevant to this action, Plaintiff suffered from a serious health condition

28 | within the meaning of CAL. GOV'T CODE §§ 12945.2(b)(12), *et seq.*

33.     At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE § 12945.2(b)(3)(A).

34.     At all times relevant to this action, Plaintiff had more than 12 months of service with Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE § 12945.2(a).

35.     Defendant unlawfully retaliated against Plaintiff because of his serious health condition and medical leave of absence by terminating him in violation of CAL. GOV'T CODE §§ 12945.2(a), 12945.2(k), and 12945.2(q).

36.     Defendant's decision to terminate Plaintiff was substantially motivated by his serious health condition and medical leave of absence, as previously pled herein.

37.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

38.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

39.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

40.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

**COMPLAINT FOR DAMAGES**

1  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

2  fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

3  employment benefits. Accordingly, an award of punitive damages is warranted.

4      41.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

5  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

6  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

7  and through its officers, directors, and/or managing agents.

8

9  **THIRD CAUSE OF ACTION**

10  **DISABILITY DISCRIMINATION IN VIOLATION OF**

11  **THE FAIR EMPLOYMENT AND HOUSING ACT**

12      42.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

13  Complaint, as though fully set forth herein.

14      43.    At all times relevant to this action, Plaintiff was employed by Defendant.

15      44.    At all times relevant to this action, Defendant was an employer who regularly

16  employed five or more persons within the meaning of CAL. GOV'T CODE § 12926(d).

17      45.    At all times relevant to this action, Plaintiff was a member of a protected class within

18  the meaning of CAL. GOV'T CODE §§ 12940(a) and 12926(m) because of his disability, perceived

19  disability, and/or history of disability.

20      46.    At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff

21  on the basis of his disability, perceived disability, and/or history of disability by terminating his

22  employment.

23      47.    Defendant was substantially motivated to terminate Plaintiff because of his disability,

24  perceived disability, and/or history of disability.

25      48.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and

26  continues to suffer losses in earnings and other benefits and will for a period of time in the future be

27  unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

28  have been diminished. The exact amount of such expenses and losses is presently unknown, and

1  Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is
2  ascertained.

3       49.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general
4  damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff
5  great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

6       50.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time
7  in the future, will be required to employ physicians and incur additional medical and incidental
8  expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave
9  of court to amend this Complaint to set forth the exact amount when it has been ascertained.

10       51.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,
11  directors, and/or managing agents of Defendant acted with malice and oppression as their unlawful
12  acts were carried out with full knowledge of the extreme risk of injury involved and with willful and
13  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the
14  fact that Plaintiff's employment rights were being violated, with the intent to deprive him of
15  employment benefits. Accordingly, an award of punitive damages is warranted.

16       52.    Plaintiff is informed and believes, and thereon alleges that the actions of Defendant's
17  employees, officers, directors, and/or managing agents were undertaken with the prior approval,
18  consent, and authorization of Defendant and was subsequently authorized and ratified by them as well
19  by and through its officers, directors, and/or managing agents.

20

21  **FOURTH CAUSE OF ACTION**

22  **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF**
23  **THE FAIR EMPLOYMENT AND HOUSING ACT**

24       53.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this
25  Complaint, as though fully set forth herein.

26       54.    At all times relevant to this action, Plaintiff was employed by Defendant.

27       55.    At all times relevant to this action, Defendant was an employer who regularly
28  employed five or more persons within the meaning of CAL. GOV'T CODE § 12926(d).

**COMPLAINT FOR DAMAGES**

56.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12926(m) and 12940(a) because of his disability, perceived disability, and/or history of disability.

57.     At all times relevant to this action, Defendant unlawfully failed to provide Plaintiff reasonable accommodations, in violation of CAL. GOV'T CODE § 12940(m), despite the fact that it had actual and/or constructive knowledge of his disability, need for accommodations, and Plaintiff's actual and/or constructive requests for accommodations.

58.     Defendant's failure to accommodate Plaintiff was substantially motivated by his disability, perceived disability, and/or history of disability, as previously pled herein.

59.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer losses in earnings and other benefits and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

60.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

61.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

62.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

63. Plaintiff is informed and believes, and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by them as well by and through its officers, directors, and/or managing agents.

## FIFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

64. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

65. At all times relevant to this action, Plaintiff was employed by Defendant.

66. At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE § 12926(d).

67. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12926(m) and 12940(a) because of his disability, perceived disability, and/or history of disability.

68. Defendant unlawfully failed to engage in a good-faith, interactive process with Plaintiff to determine effective reasonable accommodations despite the fact that it had actual and/or constructive knowledge of his disability and/or perceived disability, in violation of CAL. GOV'T CODE §§ 12940(n) and 12926.1(e), as previously pled herein.

69. Defendant's failure to engage in a good-faith interactive process with Plaintiff was substantially motivated by his disability, perceived disability, and/or history of disability, as previously pled herein.

70. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer losses in earnings and other benefits and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and ///

1   Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

2   ascertained.

3        71.        As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

4   damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff

5   great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

6        72.        As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

7   in the future, will be required to employ physicians and incur additional medical and incidental

8   expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave

9   of court to amend this Complaint to set forth the exact amount when it has been ascertained.

10        73.        Plaintiff is informed and believes, and thereon alleges that the employees, officers,

11   directors, and/or managing agents of Defendant acted with malice and oppression as their unlawful

12   acts were carried out with full knowledge of the extreme risk of injury involved and with willful and

13   conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

14   fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

15   employment benefits. Accordingly, an award of punitive damages is warranted.

16        74.        Plaintiff is informed and believes, and thereon alleges that the actions of Defendant's

17   employees, officers, directors, and/or managing agents were undertaken with the prior approval,

18   consent, and authorization of Defendant and was subsequently authorized and ratified by them as well

19   by and through its officers, directors, and/or managing agents.

20

21                              **SIXTH CAUSE OF ACTION**

22        **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

23        75.        Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

24   Complaint, as though fully set forth herein.

25        76.        At all times relevant to this action, Plaintiff was employed by Defendant.

26        77.        At all times relevant to this action, CAL. GOV'T CODE §§ 12900 *et seq.* were in full

27   force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to

28   refrain from discriminating and retaliating against any employee on the basis of a disability, perceived

1  disability, and/or history of disability, requests/need for accommodation, and opposition to conduct

2  related thereto.

3        78.     Defendant engaged in conduct that, taken as a whole, materially and adversely affected

4  the terms and conditions of Plaintiff's employment.

5        79.     Plaintiff's assertion of his rights under CAL. GOV'T CODE §§ 12900 *et seq.* was a

6  substantial motivating reason for Defendant's decision to retaliate against her. Defendant's conduct

7  was a substantial factor in causing harm to Plaintiff, as set forth herein.

8        80.     At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in

9  violation of CAL. GOV'T CODE §§ 12940(h) and 12940(m)(2) by terminating his employment.

10        81.     Defendant's retaliatory termination of Plaintiff's employment was substantially

11  motivated by his disability, perceived disability, and/or history of disability, requests/need for

12  accommodation, and opposition to Defendant's conduct related thereto, as previously pled herein.

13        82.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and

14  continues to suffer losses in earnings and other benefits and will for a period of time in the future be

15  unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

16  have been diminished. The exact amount of such expenses and losses is presently unknown, and

17  Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

18  ascertained.

19        83.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

20  damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff

21  great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

22        84.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

23  in the future, will be required to employ physicians and incur additional medical and incidental

24  expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave

25  of court to amend this Complaint to set forth the exact amount when it has been ascertained.

26        85.     Plaintiff is informed and believes, and thereon alleges that the employees, officers,

27  directors, and/or managing agents of Defendant acted with malice and oppression as their unlawful

28  acts were carried out with full knowledge of the extreme risk of injury involved and with willful and

1   conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

2   fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

3   employment benefits. Accordingly, an award of punitive damages is warranted.

4       86.    Plaintiff is informed and believes, and thereon alleges that the actions of Defendant's

5   employees, officers, directors, and/or managing agents were undertaken with the prior approval,

6   consent, and authorization of Defendant and was subsequently authorized and ratified by them as well

7   by and through its officers, directors, and/or managing agents.

8

9                            **SEVENTH CAUSE OF ACTION**

10   **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF**

11                  **THE FAIR EMPLOYMENT AND HOUSING ACT**

12       87.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

13   Complaint, as though fully set forth herein.

14       88.    At all times relevant to this action, Plaintiff was employed by Defendant.

15       89.    At all times relevant to this action, Defendant was an employer who regularly

16   employed five or more persons within the meaning of CAL. GOV'T CODE § 12926(d).

17       90.    At all times relevant to this action, Plaintiff was a member of a protected class within

18   the meaning of CAL. GOV'T CODE §§ 12940(a) and 12926(m) because of his disability, perceived

19   disability, and/or history of disability.

20       91.    At all times relevant to this action, Defendant unlawfully discriminated and retaliated

21   against Plaintiff, as previously alleged, on the basis of his disability, perceived disability, and/or

22   history of disability, requests/need for accommodation, and opposition to related conduct by

23   terminating his employment.

24       92.    Defendant was substantially motivated to terminate Plaintiff because of his disability,

25   perceived disability, and/or history of disability, requests/need for accommodation, and opposition to

26   related conduct, as previously pled herein.

27       93.    Defendant failed to take reasonable steps to prevent the unlawful discrimination and

28   retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §

L&N File #: 5589                          -13-

                        **COMPLAINT FOR DAMAGES**

1  12940(k), even when management level employees of Defendant became aware of the discriminatory

2  and retaliatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

3      94.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and

4  continues to suffer losses in earnings and other benefits and will for a period of time in the future be

5  unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

6  have been diminished. The exact amount of such expenses and losses is presently unknown, and

7  Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

8  ascertained.

9      95.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

10 damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff

11 great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

12     96.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

13 in the future, will be required to employ physicians and incur additional medical and incidental

14 expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave

15 of court to amend this Complaint to set forth the exact amount when it has been ascertained.

16     97.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

17 directors, and/or managing agents of Defendant acted with malice and oppression as their unlawful

18 acts were carried out with full knowledge of the extreme risk of injury involved and with willful and

19 conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

20 fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

21 employment benefits. Accordingly, an award of punitive damages is warranted.

22     98.    Plaintiff is informed and believes, and thereon alleges that the actions of Defendant's

23 employees, officers, directors, and/or managing agents were undertaken with the prior approval,

24 consent, and authorization of Defendant and was subsequently authorized and ratified by them as well

25 by and through its officers, directors, and/or managing agents.

26 ///

27 ///

28 ///

**COMPLAINT FOR DAMAGES**

**EIGHTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

99.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

100.    At all times relevant to this action, Plaintiff was employed by Defendant.

101.    At all times relevant to this action, CAL. GOV'T CODE §§ 12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating, retaliating against, or terminating any employee on the basis of a disability, perceived disability, and/or history of disability, request/need for accommodation, serious health condition, medical leave of absence, and opposition to conduct related thereto.

102.    Defendant's conduct, as previously alleged, was in retaliation for Plaintiff's assertion of rights under CAL. GOV'T CODE §§ 12900 *et seq.*

103.    Plaintiff's assertion of his rights under CAL. GOV'T CODE §§ 12900 *et seq.* was a substantial motivating reason for Defendant's decision to discriminate, retaliate against, and terminate Plaintiff. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

104.    CAL. GOV'T CODE §§ 12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

105.    Defendant's wrongful termination of Plaintiff's employment was substantially motivated by his disability, perceived disability, and/or history of disability, requests/need for accommodation, serious health condition, medical leaves of absence, and opposition to conduct related thereto.

106.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer losses in earnings and other benefits and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

107.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

**COMPLAINT FOR DAMAGES**

1  damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff

2  great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

3        108.   As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

4  in the future, will be required to employ physicians and incur additional medical and incidental

5  expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave

6  of court to amend this Complaint to set forth the exact amount when it has been ascertained.

7        109.   Plaintiff is informed and believes, and thereon alleges that the employees, officers,

8  directors, and/or managing agents of Defendant acted with malice and oppression as their unlawful

9  acts were carried out with full knowledge of the extreme risk of injury involved and with willful and

10  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

11  fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

12  employment benefits. Accordingly, an award of punitive damages is warranted.

13        110.   Plaintiff is informed and believes, and thereon alleges that the actions of Defendant's

14  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

15  consent, and authorization of Defendant and was subsequently authorized and ratified by them as well

16  by and through its officers, directors, and/or managing agents.

17

18                    **PRAYER FOR RELIEF**

19        WHEREFORE, Plaintiff TREVON MALIK CROFTON prays for judgment against Defendant

20  TARGET CORPORATION and DOES 1 through 20, as follows:

21        1.     Past and future economic and non-economic damages according to proof;

22        2.     Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees

23  according to proof;

24        3.     Injunctive relief compelling Defendant to reinstate Plaintiff to his previous position,

25  prohibiting Defendant from engaging in similar unlawful conduct as complained of herein, and

26  ordering Defendant to establish effective preventive mechanisms to ensure that the conduct

27  complained of herein does not continue in the future;

28  ///P

L&N File #: 5589

**COMPLAINT FOR DAMAGES**

1    4.    Declaratory relief that Defendant's conduct as complained of herein was a violation of

2    Plaintiff's rights;

3    5.    Punitive damages; and

4    6.    All other relief that the Court deems just and proper.

5    <u>**DEMAND FOR JURY TRIAL**</u>

6    Plaintiff demands a trial by jury on all claims as provided by California law.

7

8    Dated: September 22, 2021                 **LEVIN & NALBANDYAN, LLP**

9

10

11

12    By: _____

13        A.  Jacob Nalbandyan, Esq.
          Ryan Handley, Esq.
14        Attorneys for Plaintiff,
          TREVON MALIK CROFTON
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

**Exhibit B**

1  Irene V. Fitzgerald, Bar No. 266949
   ifitzgerald@littler.com

2  Vanessa M. Cohn, Bar No. 314619
   vcohn@littler.com

3  LITTLER MENDELSON P.C.
   5200 North Palm Avenue, Suite 302

4  Fresno, California  93704.2225
   Telephone:    559.244.7500

5  Facsimile.:    559.244.7525

6  Attorneys for Defendant
   TARGET CORPORATION

7

**ELECTRONICALLY FILED**
**10/25/2021 11:06 AM**
**Kern County Superior Court**
**By Vanesa Jackson, Deputy**

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                   COUNTY OF KERN

10

11  TREVON MALIK CROFTON,                        Case No.  BCV-21-102237

12              Plaintiff,                       **DEFENDANT TARGET
                                                 CORPORATION'S GENERAL DENIAL**
13        v.                                     **AND AFFIRMATIVE DEFENSES TO
                                                 PLAINTIFF TREVON MALIK**
14  TARGET CORPORATION, a Minnesota              **CROFTON'S UNVERIFIED**
    Corporation, and DOES 1 through 20, Inclusive, **COMPLAINT**
15
                                                 ASSIGNED FOR ALL PURPOSES TO
16              Defendants.                       JUDGE THOMAS C. CLARK

17
                                                 Trial Date: TBD
18                                               Complaint Filed:   September 22, 2021

19        Defendant TARGET CORPORATION ("Defendant"), answering the Complaint of

20  Plaintiff TREVON MALIK CROFTON ("Plaintiff"), for itself alone and for no other Defendant,

21  hereby answers Plaintiff's unverified Complaint as follows:

22                                **GENERAL DENIAL**

23        Pursuant to section 431.30 of the California Code of Civil Procedure, as amended,

24  Defendant denies generally each and every allegation contained in Plaintiff's unverified Complaint,

25  and further generally denies that Plaintiff has been damaged in the sum or sums prayed for, or in any

26  other sum or amount whatsoever, or at all, by reason of the matters therein referred to.

27  / / /

28  / / /

**AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof or persuasion, and incorporating herein by reference each and every allegation made in the General Denial, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal facts in support of the following:

**FIRST AFFIRMATIVE DEFENSE**

1.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

3.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

4.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

5.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

6.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of consent.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      As a separate and distinct affirmative defense, Defendant alleges that to the extent further investigation and discovery reveal any after-acquired evidence that bars any or certain

/ / /

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

Defendant Target Corporation's General Denial and Affirmative Defenses

1  remedies in this action, the Complaint and each cause of action set forth therein cannot be maintained

2  against Defendant.

3  **EIGHTH AFFIRMATIVE DEFENSE**

4  8. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

5  failed to take a reasonable affirmative action to mitigate damages as they are alleged in the Complaint,

6  and thus Plaintiff's recovery from Defendant, if any, must be denied or reduced to the extent that

7  Plaintiff has failed to mitigate damages, including but not limited to Plaintiff's failure to make

8  reasonable efforts to seek and retain subsequent employment substantially similar to Plaintiff's

9  employment with Defendant after the conclusion of Plaintiff's employment with Defendant.

10  **NINTH AFFIRMATIVE DEFENSE**

11  9. As a separate and distinct affirmative defense, Defendant alleges that any

12  recovery to which Plaintiff might other be entitled must be denied or reduced by reason of Plaintiff's

13  contributory or comparative negligence and/or intentional conduct, because Plaintiff failed to exercise

14  reasonable and ordinary care, caution or prudence in order to avoid the alleged incidents, and the

15  alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own

16  negligence and/or intentional conduct.

17  **TENTH AFFIRMATIVE DEFENSE**

18  10. As a separate and distinct affirmative defense, Defendant alleges that the

19  Complaint and each cause of action set forth therein are barred, in whole or in part, because the alleged

20  damages or losses sustained by Plaintiff, if any, resulted from causes other than any act or omission

21  on the part of Defendant, including but not limited to negligence and/or intentional conduct of third

22  parties.

23  **ELEVENTH AFFIRMATIVE DEFENSE**

24  11. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

25  claims for damages are barred, in whole or in part, by the doctrine of avoidable consequences.

26  **TWELFTH AFFIRMATIVE DEFENSE**

27  12. As a separate and distinct affirmative defense, Defendant is informed and

28  believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

3

Defendant Target Corporation's General Denial and Affirmative Defenses

alleges, that Plaintiff's claims are barred by Plaintiff's own breach of the duties owed to Defendant under all applicable state and federal laws, including, but not limited to, California Labor Code sections 2854, 2856, 2858, and/or 2859.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because Plaintiff was not a qualified person with a disability as defined by relevant law, nor was Plaintiff regarded as a qualified person with a disability.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, no reasonable accommodation was available that would not have caused Defendant undue hardship.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, Plaintiff failed to engage in the interactive process in good faith.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff suffered no harm or other prejudice as a result of Defendant's alleged failure to initiate or properly conduct the interactive process because, at all material times, a reasonable accommodation of Plaintiff's alleged disability was not possible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, Plaintiff, even with reasonable accommodation, was unable to perform the essential duties of Plaintiff's positions and/or to perform these duties in a manner that would not endanger Plaintiff's health or safety or the health or safety of others.

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

4

Defendant Target Corporation's General Denial and Affirmative Defenses

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, Defendant's decision(s) regarding the same were based upon a bona fide occupational qualification.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because, even if any discriminatory, retaliatory or otherwise unlawful motive existed in connection with any actions taken with respect to Plaintiff (which Defendant denies), Defendant would have engaged in the same conduct absent any alleged discriminatory, retaliatory, or otherwise unlawful motive.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     As a separate and distinct affirmative defense, Defendant alleges that any employment practice maintained by Defendant, to the extent such practice may have impacted Plaintiff with respect to any alleged protected status under the Fair Employment and Housing Act, is justified either as a bona fide occupational qualification, by business necessity (including undue hardship), by job relatedness, by security regulations, by non-discrimination or affirmative action plans and/or by requirement of law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     As a separate and distinct affirmative defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any such acts or omissions purportedly taken by or on behalf of Defendant were taken in good faith as a result of business necessity, for lawful, legitimate, non-discriminatory, and non-retaliatory reasons without malice, oppression, or fraud, and/or based on the relevant facts and circumstances known to Defendant at the time it acted.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because Defendant

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

5

Defendant Target Corporation's General Denial and Affirmative Defenses

1  acted reasonably in good faith, in conformity with and in reliance on written administrative

2  regulations, orders, rulings, guidelines, approvals, and/or interpretations of governmental agencies,

3  and on the basis of a good-faith and reasonable belief that it had complied fully with applicable law.

4  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

5          23.     As a separate and distinct affirmative defense, Defendant alleges that the

6  Complaint and each cause of action set forth therein cannot be maintained against Defendant because

7  Defendant's acts or omission alleged in the Complaint were protected by the managerial privilege as

8  all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper

9  managerial discretion in good faith, and for legitimate, lawful reasons.

10  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11          24.     As a separate and distinct affirmative defense, Defendant alleges that any

12  unlawful or wrongful acts, if any, taken by Defendant's officers, directors, managing agents, and/or

13  employees were outside the course and scope of their employment and authority, and such acts, if any,

14  were not authorized, ratified, or condoned by Defendant, and Defendant did not know and/or should

15  not have known of such conduct.

16  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

17          25.     As a separate and distinct affirmative defense, Defendant alleges that the

18  Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust all

19  internal grievance and/or complaint procedures.

20  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

21          26.     As a separate and distinct affirmative defense, Defendant alleges that the

22  Complaint and each cause of action set forth therein are barred, in whole or in part, because at all

23  relevant times, (a) Defendant acted in good faith and exercised reasonable care to prevent and promptly

24  correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendant denies

25  occurred), including but not limited to promulgating and maintaining anti-discrimination, anti-

26  retaliation and/or open-door policies with an internal grievance and/or complaint procedure, which

27  were communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the established

28  internal grievance and/or complaint procedure and any preventive or corrective opportunities provided

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

6

Defendant Target Corporation's General Denial and Affirmative Defenses

to Plaintiff by the employer or to otherwise avoid harm; and, (c) Plaintiff's reasonable use of Defendant's procedures as required by Defendant's employment policies would have prevented at least some, if not all, of the purported harm that Plaintiff allegedly suffered.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust administrative remedies.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that they exceed the scope of the charges made by Plaintiff before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, if any.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to those set forth in California Government Code sections 12960 and 12965 and California Code of Civil Procedure sections 335.1, 338(a) and 339(l).

### THIRTIETH AFFIRMATIVE DEFENSE

30.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking recovery for the alleged physical, mental, and/or emotional distress injuries are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*, and California Labor Code section 132(a) to the extent that (a) an employee/employer relationship existed subject to workers' compensation coverage; (b) Defendant provided workers' compensation insurance at no cost to Plaintiff; (c) Plaintiff's conduct was within the course and scope of employment; and, (d) the alleged injuries, if any, were proximately caused by the employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

7

Defendant Target Corporation's General Denial and Affirmative Defenses

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Defendant alleges that some or all of Plaintiff's claims for damages are barred by the doctrine of set-off.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset, denied, or reduced by any benefits, monies, and/or compensations that Plaintiff had received or will receive from any other sources, including but not limited to unemployment insurance, private insurance, pension benefits, workers' compensation, and any sums earned by Plaintiff in other employment.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to state a claim upon which relief may be granted, which includes, *inter alia*, recovery of costs of suit and attorneys' fees, penalties, compensatory damages, punitive damages, and special and incidental damages.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive, exemplary, and/or emotional distress damages on the grounds that any award of punitive, exemplary, or emotional distress damages under California law in general, and/or as applied to the facts of this specific action, violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, because (a) any actions, conducts, statements, or omissions alleged in the Complaint were not taken with advance knowledge, conscious

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

8

Defendant Target Corporation's General Denial and Affirmative Defenses

1   disregard, authorization, or ratification of malice, oppression, or fraud on the part of Defendant or any

2   officer, director, or managing agent thereof; (b) Defendant's good faith efforts to prevent

3   discrimination, retaliation, and otherwise unlawful behavior bars any award of punitive damages; and,

4   (c) the Complaint and each cause of action set forth therein fail to plead facts sufficient to support the

5   recovery of punitive damages under the applicable provisions of California Civil Code section 3294,

6   or such other statutes of similar effect that may be applicable. *See* CAL. CIV. CODE § 3294(b).

7   ## RESERVATION OF ADDITIONAL DEFENSES

8   Defendant alleges that because the Complaint is couched in conclusory terms, all

9   affirmative defenses that may be applicable cannot be fully anticipated. Accordingly, the right to

10   assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable,

11   is reserved. In addition, Defendant reserves the right to amend this answer should Defendant later

12   discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or

13   should a change in the law support the inclusion of new and/or additional affirmative defenses.

14   ## JURY DEMAND

15   Defendant requests trial by jury on all causes of action triable to a jury.

16   ## PRAYER

17   WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

18   1.      That Plaintiff takes nothing by the way of the Complaint;

19   2.      That judgment be awarded in favor of Defendant;

20   3.      That Plaintiff's Complaint be dismissed in its entirety as to Defendant;

21   4.      That Defendant be awarded all costs of suit incurred by it in this action;

22   5.      That Defendant be awarded its reasonable attorneys' fees; and,

23   6.      For such other and further relief as the Court may deem just and proper.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

9

Defendant Target Corporation's General Denial and Affirmative Defenses

1  Dated:  October 25, 2021

2                                                    LITTLER MENDELSON P.C.

3

4                                                    _____
                                                     Irene V. Fitzgerald
5                                                    Vanessa M. Cohn

6                                                    Attorneys for Defendant
                                                     TARGET CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

10

Defendant Target Corporation's General Denial and Affirmative Defenses

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

I am employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.   My business address is 5200 North Palm Avenue, Suite 302, Fresno, California  93704.2225.  On this 25th day of October, 2021, I served a copy of the within document(s):

**DEFENDANT TARGET CORPORATION'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF TREVON MALIK CROFTON'S UNVERIFIED COMPLAINT**

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is lhammond@littler.com:

A. Jacob Nalbandyan, Esq. (SBN 272023)
jnalbandyan@LNtriallawyers.com
Ryan Handley, Esq. (SBN 334695)
rhandley@LNtriallawyers.com
LEVIN & NALBANDYAN, LLP
811 Wilshire Blvd, Suite 800
Los Angeles, CA 90017
Tel: (213) 232-4848
Fax: (213) 232-4849

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 25th day of October, 2021, at Fresno, California.

*/s/ Lisa Hammond*
Lisa Hammond

4836-0776-7037.1 / 052067-1000

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

11

Defendant Target Corporation's General Denial and Affirmative Defenses

**Exhibit C**



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
BAKERSFIELD COURT
1415 TRUXTUN AVENUE
BAKERSFIELD CA  93301

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

SEPTEMBER 24, 2021
BY *Vickie Fogerson* DEPUTY

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br>  TREVON MALIK CROFTON<br>DEFENDANT/RESPONDENT:<br>  TARGET CORPORATION, A MINNESOTA CORPORATION | |
| NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br><br>BCV-21-102237 |

By order of the presiding judge, the above entitled case is assigned to the Honorable Thomas S. Clark for all purposes.  It will be managed on the direct calendar program in Bakersfield Department 17 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6.  Please include the initials **TSC** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **January 07, 2022** in **Bakersfield Department 17** at **8:30 AM** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110.  All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Thomas S. Clark on **March 23, 2022** at **8:15 AM** in **Bakersfield Department 17** of the above entitled court.  Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730.  All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

**NOTICE TO PLAINTIFF'S COUNSEL**
**IMPORTANT:  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form  ( California Rules of Court, Rule 3.221).**

**NOTICE TO CROSS COMPLAINANT'S COUNSEL**
**IMPORTANT:  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date:  September 24, 2021

By:  _____*Vickie Fogerson*_____
Vickie Fogerson, Deputy Clerk

CROFTON VS TARGET CORPORATION
BCV-21-102237

The Clerk of the Superior Court's office has received a civil complaint from you for filing.  Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Thomas S. Clark as monitoring judge.

Judge Thomas S. Clark has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 17. This will involve all cases in which the clerk has assigned the initials TSC to the complaint at the time of filing.  Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at (661) 868-4900.   Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm.  Click on the Non-Criminal Case Information link to enter the case number.  Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint.  This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named.  The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT.  Proper procedures must be complied with under California Rules of Court, Rule 3.670.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge Thomas S. Clark.  However, those cases that do not settle will be set for trial before him/her.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES**

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

CROFTON VS TARGET CORPORATION
BCV-21-102237

## CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference*** attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof, to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://odyprodportal.kern.courts.ca.gov/portalprod).

Date of Posting:          September 24, 2021

Place of Posting:          Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

TAMARAH HARBER-PICKENS
CLERK OF THE SUPERIOR COURT

Date: September 24, 2021

By:          *Vickie Fogerson*
          Vickie Fogerson, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page **4** of **4**

**Exhibit D**

1  Irene V. Fitzgerald, Bar No. 266949
   ifitzgerald@littler.com
2  Vanessa M. Cohn, Bar No. 314619
   vcohn@littler.com
3  LITTLER MENDELSON P.C.
   5200 North Palm Avenue, Suite 302
4  Fresno, California  93704.2225
   Telephone:     559.244.7500
5  Facsimile.:     559.244.7525

6  Attorneys for Defendant
   TARGET CORPORATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF KERN

10

11  TREVON MALIK CROFTON,              Case No.  BCV-21-102237

12              Plaintiff,             **DEFENDANT TARGET
                                       CORPORATION'S NOTICE TO
13       v.                            PLAINTIFF OF REMOVAL OF CIVIL
                                       ACTION TO FEDERAL COURT**
14  TARGET CORPORATION, a Minnesota
    Corporation, and DOES 1 through 20, Inclusive,   ASSIGNED FOR ALL PURPOSES TO
15                                     JUDGE THOMAS C. CLARK
                Defendants.
16                                     Trial Date: TBD
                                       Complaint Filed:   September 22, 2021
17

18          TO PLAINTIFF AND TO PLAINTIFF'S COUNSEL OF RECORD:

19          PLEASE  TAKE  NOTICE  that  on  October  26,  2021,  Defendant  TARGET

20  CORPORATION ("DEFENDANT" or "TARGET"), filed a Notice of Removal pursuant to 28 U.S.C.

21  §§ 1332, 1441, and 1446, in the United States District Court for the Eastern District of California. A

22  true and correct copy of Defendant's Notice of Removal is attached hereto as Exhibit 1.

23  Dated: October 26, 2021              LITTLER MENDELSON P.C.
24
25                                       *Vanessa Cohn*
26                                       _____
                                         Irene V. Fitzgerald
27                                       Vanessa M. Cohn
                                         Attorneys for Defendant
28                                       TARGET CORPORATION

LITTLER MENDELSON P.C
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

1

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

2       I am employed in  County, California.  I am over the age of eighteen years and not a

3  party to the within-entitled action.   My business address is 5200 North Palm Avenue, Suite

4  302, Fresno, California  93704.2225.  On this 26th day of October, 2021, I served a copy of the

5  within document(s):

6       **DEFENDANT   TARGET   CORPORATION'S   NOTICE   TO**
   **PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL**

7  **COURT**

8  Based on a court order or an agreement of the parties to accept service by e-mail or electronic

9  transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached

10  service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after

11  the  transmission,  any  electronic  message  or  other  indication  that  the  transmission  was

12  unsuccessful.  The  electronic  notification  address  of  the  person  making  the  service  is

13  lhammond@littler.com:

14       A. Jacob Nalbandyan, Esq. (SBN 272023)
   jnalbandyan@LNtriallawyers.com

15       Ryan Handley, Esq. (SBN 334695)
   rhandley@LNtriallawyers.com

16  LEVIN & NALBANDYAN, LLP
   811 Wilshire Blvd, Suite 800

17  Los Angeles, CA 90017
   Tel: (213) 232-4848

18  Fax: (213) 232-4849

19

20

21       I declare under penalty of perjury under the laws of the State of California that the

22  above is true and correct.

23       Executed on this 26th day of October, 2021, at Fresno, California.

24

25

26       */s/ Lisa Hammond*
   Lisa Hammond

4823-1310-4381.1 / 052067-1000

27

28

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

Defendant Target Corporation's Notice to Plaintiff of Removal of Civil Action to Federal Court

**Exhibit E**

1   Irene V. Fitzgerald, Bar No. 266949
    ifitzgerald@littler.com
2   Vanessa M. Cohn, Bar No. 314619
    vcohn@littler.com
3   LITTLER MENDELSON P.C.
    5200 North Palm Avenue, Suite 302
4   Fresno, California  93704.2225
    Telephone:    559.244.7500
5   Facsimile.:    559.244.7525

6   Attorneys for Defendant
    TARGET CORPORATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF KERN

10

11  TREVON MALIK CROFTON,                    |  Case No.  BCV-21-102237
                                             |
12              Plaintiff,                   |  **DEFENDANT TARGET
                                             |  CORPORATION'S NOTICE TO STATE
13         v.                                |  COURT OF REMOVAL OF CIVIL
                                             |  ACTION TO FEDERAL COURT**
14  TARGET CORPORATION, a Minnesota          |
    Corporation, and DOES 1 through 20, Inclusive,  |  ASSIGNED FOR ALL PURPOSES TO
15                                           |  JUDGE THOMAS C. CLARK
                Defendants.                  |
16                                           |
                                             |
17                                           |  Trial Date: TBD
                                             |  Complaint Filed:   September 22, 2021
18

19         TO THE CLERK OF THE ABOVE-TITLED COURT:

20         PLEASE TAKE NOTICE that on October 26, 2021, the above-captioned matter was

21  removed from the Superior Court of the State of California, County of Kern, where it was previously

22  pending, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C.

23  §§ 1332, 1441, and 1446. A copy of the Notice of Removal filed by Defendant TARGET

24  CORPORATION is attached hereto as Exhibit 1.[1]

25         PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing

26  of a Notice of Removal in the United States District Court, together with the filing of a copy of a

27  Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this Court

28  _____
    [1] So as to avoid duplicative filing, the attachments to Exhibits D and E thereto are excerpted.

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1    may proceed no further unless and until the case is remanded.

2    Dated: October 26, 2021

3                                              LITTLER MENDELSON P.C.

4

5                                              _____
                                               Irene V. Fitzgerald
6                                              Vanessa M. Cohn

7                                              Attorneys for Defendant
                                               TARGET CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

Defendant Target Corporation's Notice to State Court of Removal of Civil Action to Federal Court

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

1

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

2   I am employed in  County, California.  I am over the age of eighteen years and not a

3 party to the within-entitled action.   My business address is 5200 North Palm Avenue, Suite

4 302, Fresno, California  93704.2225.  On this 26th day of October, 2021, I served a copy of the

5 within document(s):

6   **DEFENDANT TARGET CORPORATION'S NOTICE TO**

7   **STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

8 Based on a court order or an agreement of the parties to accept service by e-mail or electronic

9 transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached

10 service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after

11 the transmission, any electronic message or other indication that the transmission was

12 unsuccessful.  The electronic notification address of the person making the service is

13 lhammond@littler.com:

14   A. Jacob Nalbandyan, Esq. (SBN 272023)
   jnalbandyan@LNtriallawyers.com

15   Ryan Handley, Esq. (SBN 334695)
   rhandley@LNtriallawyers.com

16   LEVIN & NALBANDYAN, LLP

17   811 Wilshire Blvd, Suite 800
   Los Angeles, CA 90017
   Tel: (213) 232-4848

18   Fax: (213) 232-4849

19

20

21   I declare under penalty of perjury under the laws of the State of California that the

22 above is true and correct.

23   Executed on this 26th day of October, 2021, at Fresno, California.

24

25

26   */s/ Lisa Hammond*
   Lisa Hammond

4836-5226-6749.1 / 052067-1000

27

28

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

3

Defendant Target Corporation's Notice to State Court of Removal of Civil Action to Federal Court